



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Board of Barber Examiners
202 Brueggerhoff Building
Austin, Texas

Gentlemen:

Opinion No. O-2233
Re: Rules of State Board of Barber
Examiners governing barber
schools.

This will acknowledge receipt of your letter of
April 15, 1940, requesting the opinion of this department
as to whether or not certain rules and regulations promul-
gated by your Board, copy of which was enclosed, are legal
and binding. In addition, you desire to know whether or not
the State Board of Barber Examiners may revoke a permit issued
pursuant to Sec. 9 of Art. 734a, Vernon's Annotated Penal Code,
for failure to comply with these rules and regulations.

Sec. 9 of Art. 734a, Vernon's Ann. Penal Code,
reads as follows:

"Sec. 9. Any firm, corporation or person
desiring to conduct or operate a barber school
or college in this state shall first obtain from
the Board of Barber Examiners a permit to do so,
and shall keep the same prominently displayed.
No such school or college shall be approved unless
such school or college requires as a prerequisite
to graduation a course of instruction of not less
than one thousand hours (1,000), to be completed
within a period of not less than six months; and
unless said school or college requires as a pre-
requisite to the admission thereto, applicants to
demonstrate their ability to read intelligently
and write clearly the English language; and no
certificate or permit shall be issued to an appli-
cant as provided for herein, unless said applicant
demonstrates his or her ability to read intelligently
and write clearly the English language as determined
by an examination conducted by the Board.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

State Board of Barber Examiners, Page 2

"Such schools or colleges shall instruct students in such subjects as may be necessary and beneficial in teaching the practice of barbering, including the following subjects: Scientific fundamentals of barbering; hygienic bacteriology; Histology of the hair, skin, muscles and nerves; Structure of the head, face and neck; Elementary chemistry relating to sterilization and antiseptics; Diseases of the skin and hair; Massaging and manipulating the muscles of the scalp, face, and neck; Haircutting, shaving, and bleaching and dyeing of the hair. However, if said school does not care to teach persons who apply for 'Class A' but only Class B Certificates, shaving need not be taught.

"If said Board refuses to issue a permit to any such school or college, such school or college may by written request demand the reasons for said refusal and if said school or college shall thereupon meet said requirements and makes a showing that the requirements of this law have been complied with, then if said Board refuses to issue said permit a suit may be instituted by such school or college in any of the District Courts of Travis County Texas, to require said Board to issue such permit. Any such suit must be filed within twenty days after the final order of said Board refusing to issue such permit is entered, provided registered notice is mailed or it is otherwise shown that said school or college has notice within ten days from the entering or making of said order.

"In the event such school or college after a permit is issued to it violates any of the requirements of this law, either directly or indirectly, then said Board shall suspend or revoke the permit of any such school or college. Before suspending or revoking any such permit, said Board must give such school or college a hearing, notice of which hearing shall be delivered to such school or college at least twenty days prior to the date of said hearing. If said Board suspends or revokes said permit at said hearing, then such school or college may file suit to prevent the same or to appeal from said order. Any and all suits filed hereunder shall be

filed within twenty days from the date of the order of said Board in any of the District Courts of Travis County, Texas, and not elsewhere, and order shall not become effective until said twenty days has expired.

"The Attorney General or any District or County Attorney may institute any injunction proceeding or such other proceeding as to enforce the provisions of this act, and to enjoin any barber, assistant barber, or school or college from operating without having complied with the provisions hereof and each shall forfeit to the State of Texas the sum of Twenty-five dollars per day as a penalty for each days violation, to be recovered in a suit by the District or County Attorney, and/or the Attorney General."

From an examination of the rules and regulations submitted to this department for inspection, it is apparent that they deal with such matters as:  (1) Agreement to comply with Texas barber law and regulations of Board (Rule I);  (2) Display of barber college sign (Rule II);  (3) Building and fixtures of college, charts and text books (Rule III);  (4) Supervision, teachers and curriculum of school;  (5) Minimum requirements of student for admission to college and amount of work in college (Rule V);  (6) Practice of barbering by college;  (7) Suspension or revocation of permit by Board.

We have carefully examined the provisions of Chapter 4 of Title 12 of the Penal Code of this state, insofar as they relate to the conduct of barber shops and colleges and supervision of the same by the State Board of Barber Examiners, and have been unable to find any authorization for the promulgation of administrative rules and regulations governing barber colleges by the State Board of Barber Examiners. Apparently the only authorization is that found in Section 28 of Article 734a, Vernon's Annotated Penal Code, which reads, in part, as follows:

"The State Board of Health shall make, establish and promulgate reasonable sanitary rules and regulations for the conduct of barber shops and barber schools."

Please note that these rules are to be made by the State Board of Health, and the rule making power is limited to reasonable sanitary rules and regulations. We have been advised by the State Department of Health that no such rules

and regulations have been promulgated. If this is contemplated and when this is done, we shall be glad to consider the same. You are respectfully advised, however, that the State Board of Barber Examiners has been given no such power by the Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

By James D. Smullen
James D. Smullen

JDS:oe

APPROVED MAY 23, 1940

ATTORNEY GENERAL OF TEXAS

